1
2
3
4
5
6
7

8         **UNITED STATES DISTRICT COURT**

9         **EASTERN DISTRICT OF CALIFORNIA**

10

11   JONATHAN WIESSMEN,                      )   Case No.: 1:16-cv-00803-JLT
                                             )
12              Petitioner,                  )
                                             )
13        v.                                 )   ORDER TO SHOW CAUSE WHY THE PETITION
                                             )   SHOULD NOT BE DISMISSED FOR LACK OF
14   SCOTT FRAUENHEIM, Warden,               )   EXHAUSTION
                                             )
15              Respondent.                  )   ORDER DIRECTING THAT RESPONSE BE
                                             )   FILED WITHIN THIRTY DAYS
16                                           )
                                             )
17   _____ )

18        In this action, Petitioner challenges a 2014 prison disciplinary hearing at which he was found

19   to have committed assault with serious bodily injury upon another inmate.  (Doc. 1)  From the Court's

20   preliminary review of the petition, it appears that the petition contains claims that have not been

21   exhausted in state court.  Thus, the Court will order Petitioner to show cause why the petition should

22   not be dismissed.

23   **I.        DISCUSSION**

24             A.  Preliminary Review of Petition

25        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

26   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

27   not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The

28   Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

1

corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.    Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  This occurs when the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*.  See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts,*

*even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims have been presented to the highest state court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The court lacks the authority to hold a wholly unexhausted petition in abeyance pending exhaustion. Raspberry, 448 F.3d at 1154.

Here, the record establishes Petitioner exhausted his administrative appeals before filing a state habeas corpus petition in the Kern County Superior Court that was denied on April 4, 2016. (Doc. 1, p. 8) The petition indicates that Petitioner did not pursue any further state court review, and the chronology in this case, especially the fact that the superior court denied Petitioner's habeas claims as recently as April 4, 2016, supports this conclusion.

From the foregoing, it appears that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Thus, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997); Ros, 455 U.S. at 521-22. However, it is possible that Petitioner has exhausted his claims but has failed to provide the Court with the documents and information that would establish this fact, i.e., a denial by the California Supreme Court. Accordingly, Petitioner will be permitted thirty days within which to file a response containing evidence that his claims are exhausted.

## ORDER

For the foregoing reasons, the Court **ORDERS**:

    1. Within 30 days, Petitioner is **SHALL** show cause in writing why the Petition should not be dismissed for failure to exhaust remedies in state court.

1    **Petitioner is forewarned that his failure to comply with this order or his failure to show**

2    **exhaustion will result in a Recommendation that the Petition be dismissed pursuant to Local**

3    **Rule 110.**

4

5    IT IS SO ORDERED.

6    Dated:   **June 13, 2016**                          **/s/ Jennifer L. Thurston**

7                                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4