UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WIESSMEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>　　　　Respondent. | Case No.: 1:16-cv-00803-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR FAILURE TO OBEY A COURT ORDER<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

On June 13, 2016, the Court ordered the petitioner to show cause why the petition should not be dismissed because none of the claims in the petition were exhausted in state court. (Doc. 4) The Court ordered the Petitioner to file a written response within 30 days. Id. He has not done so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court." District Courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate…dismissal of a case. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-

1

54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992)(dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson, 779 F.2d at 1423; Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-1261; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-1424.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since June 10, 2016. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order dated ***, 2014, expressly stated: "Petitioner is forewarned that his failure to comply with this order or his failure to show exhaustion will result in a recommendation that the Petition be dismissed pursuant to Local Rule 110." (Doc. 4, p. 4). This admonition was written in bold and underlined for emphasis. Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with the Court's order.

///

**ORDER**

Accordingly, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be DISMISSED for failure to obey the Court's orders.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2016**          /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE